## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-9751 PA (SKx) | Date | January 30, 2025 |
|---|---|---|---|
| Title | Deon Best, et al. v. Janice Smalls Combs, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None     None

**Proceedings:**   **IN CHAMBERS — ORDER TO SHOW CAUSE**

The Court is in receipt of the First Amended Complaint filed by plaintiff Deon Best (also known as Deon D1 Best, doing business as Finish Line Entertainment, doing business as Dee Mac Music) ("Plaintiff") on January 28, 2025.  (Docket No. 12 ("FAC").)

In the FAC, Plaintiff alleges that he is the "rightful owner of certain music publishing rights and royalties" including a "single record, entitled 'Come with Me,' a song featured on the Godzilla soundtrack."  (Id. ¶¶ 1, 7.[1/])  The FAC alleges that defendant Janice Small Combs (also known as Ma Dukes, doing business as Janice Combs Publishing LLC, doing business as Janice Combs Publishing Holdings, Inc.) ("Defendant"), "through her music publishing companies and in conjunction with other parties, engaged in coercive and fraudulent tactics to seize control of Plaintiff's publishing rights," including by "threatening Plaintiff's business partner and misrepresenting the nature of agreements to obtain Plaintiff's valuable intellectual property." (Id. ¶ 2.)  Plaintiff alleges that Defendant conspired with her son Sean Combs (professionally known as "Diddy") ("Diddy") and Bad Boy Records[2/] to unlawfully obtain publishing royalties belonging to Plaintiff and to "aid and abet her son in laundering the ill-gotten gains of Defendant and others."  (See id. ¶¶ 17–20.)

More specifically, the FAC alleges that in or around February 2001, Defendant and Diddy coerced Plaintiff's business partner into signing over Plaintiff's publishing rights by threatening to release "compromising video footage" of Plaintiff's business partner engaged in "sexually explicit acts."  (Id. at pg. 7.)  Plaintiff alleges that Defendant and/or Diddy forged Plaintiff's signature on "contracts used to redirect publishing rights" and sent the forged contracts to ASCAP and BMI in March and August 2001, respectively, causing these entities to "divert

---

[1/]   All citations to paragraph numbers in the FAC refer to the paragraphs under the section titled "Factual Background."

[2/]   The FAC appears to also refer to "Bad Boy Records" as "Bad Boy Entertainment."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9751 PA (SKx) | Date | January 30, 2025 |
|---|---|---|---|
| Title | Deon Best, et al. v. Janice Smalls Combs, et al. | | |

millions in royalties to Janice Combs Publishing." (Id. at pgs. 7–8.) Plaintiff further alleges that Defendant "[l]aundered the stolen royalties through Janice Combs Publishing and affiliated entities to obscure the origins of the funds." (Id. at pg. 8.) According to the FAC, "Plaintiff first discovered [Defendant's] involvement in the wrongful acts on or around October 1, 2023, watching TV and a Rapper stated that Janice Combs had hijacked artist publishing." (Id. ¶ 18.)[3/] Based on the above allegations, the FAC appears to assert two RICO claims against Defendant, including one claim for violation of 18 U.S.C. § 1962(c) and one claim for aiding and abetting RICO violations by Diddy and Bad Boy Records. (See id. at pg. 8.)[4/]

The statute of limitations for civil RICO claims is four years. Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156, 107 S. Ct. 2759, 2767, 97 L. Ed. 2d 121 (1987). The Ninth Circuit follows the "injury discovery" statute of limitations rule for RICO Claims. Grimmett v. Brown, 75 F.3d 506, 511 (9th Cir.1996). Under this rule, the limitations period "begins to run when a plaintiff knew or should know of the injury that underlies his cause of action." Id. at 510 (citation omitted). "Thus, the 'injury discovery' rule creates a disjunctive two-prong test of actual or constructive notice, under which the statute begins running under either prong." Pincay v. Andrews, 238 F.3d 1106, 1109 (9th Cir. 2001). "The plaintiff is deemed to have had constructive knowledge if [he] had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." Id. at 1110 (quoting Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 275 (9th Cir. 1988)). "The second part of the "injury discovery" rule is the 'separate accrual rule,' which provides that a new cause of action accrues for each new and independent injury, even if the RICO violation causing the injury happened more than four years before." Grimmett, 75 F.3d at 510 (citation omitted). For the separate accrual rule to apply, a plaintiff must identify an "overt act" within the limitations period, and the overt act must (1) "be a new an independent act that is not merely a reaffirmation of a previous act"; and (2) "inflict new and accumulating injury on the plaintiff." Id. at 513 (quoting Pace Indus., Inc. v. Three Phoenix Co., 813 F.2d 234, 238 (9th Cir. 1987)).

---

[3/]     The FAC also alleges on information and belief that Defendant "has used similar tactics with other artists and rights holders" and alleges that Plaintiff "has been made aware of several other unsuspecting victims of [Defendant] aiding and abetting with her son Sean Combs and Bad Boy Records to defraud artists of their publishing royalties, such as rap artists, Mason Betha," but the FAC does not allege further details describing Defendant's alleged misconduct with respect to this artists or any other individuals. (See id. ¶¶ 3, 22.)

[4/]     The FAC also asserts state law claims for civil conspiracy, fraud and deceit, unjust enrichment, and conversion. (See id. at pgs. 8–10.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9751 PA (SKx) | Date | January 30, 2025 |
|---|---|---|---|
| Title | Deon Best, et al. v. Janice Smalls Combs, et al. | | |

      Based on the Court's review of the FAC, it appears that Plaintiff's RICO claims may be barred under the statute of limitations. According to the FAC, the injury underlying Plaintiff's RICO claims, i.e., the financial loss and loss of intellectual property caused by Defendant's alleged fraud and other misconduct, occurred in or around 2001. (See FAC at pgs. 7–8.) While the FAC alleges that Plaintiff "first discovered [Defendant's] involvement in the wrongful acts on or around October 1, 2023, [by] watching TV" (Id. ¶ 18), it is unclear from the allegations why Plaintiff would not have had enough information prior to that date to warrant an investigation which, if reasonably diligent, would have led to the discovery of fraud. For example, it is unclear why Plaintiff could not have reasonably discovered years earlier that he had lost control over his intellectual property or that he was not receiving royalty payments owed to him. Moreover, while the FAC vaguely alleges that Defendant's misconduct has continued to present day, the FAC does not point to any new overt act within the limitations period or attempt to explain how any new injury satisfies the requirements of the separate accrual rule. If Plaintiff had constructive knowledge, more than four years prior to filing this suit, of the injury underlying his RICO claim, and if Plaintiff cannot invoke the separate accrual rule, then his RICO claims would be time-barred.

      For this reason, the Court hereby orders Plaintiff to show cause in writing why his RICO claims should not be dismissed as barred by the statute of limitations. Plaintiff's response to this Order to Show Cause shall be filed no later than **February 17, 2025**. Alternatively, Plaintiff may elect to dismiss his RICO claims by filing a Notice of Voluntary Dismissal of those claims no later than the above date. If Plaintiff elects to voluntarily dismiss his RICO claims, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and will dismiss this action without prejudice. Plaintiff will then be free to pursue his state law claims in state court, and the statute of limitations for Plaintiff's state law claims will be tolled for a period of 30 days, unless the state court provides for a longer period. See 28 U.S.C. §§ 1367(c)(3), 1367(d); Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006).

      IT IS SO ORDERED.